## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DWAYNE E. CLANTON and KENT P. MARCUS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 01-0900-BH-M |
| INTER.NET GLOBAL LTD., | ) ) | |
| Defendant. | ) | |

## ORDER

This action is now before the Court on defendants' motion (Doc. 170) to tax costs against the plaintiffs in the amount of $39,011.11.  Upon consideration of the motion, plaintiffs' objections in opposition thereto (Doc. 174), defendants' reply (Doc. 176) and all other pertinent portions of the record, the Court concludes that costs are due to be taxed against the plaintiffs, Dwayne Clanton, Jimmy Prince, and Kent P. Marcus, only in the amount of $38,521.00.  Plaintiffs objections to the remaining $490.11 is hereby **SUSTAINED**.

The Court specifically finds and concludes that the $354.21 sought for service of trial subpoena on the three plaintiffs is excessive under the circumstances of this case.  Consequently, such costs are due to be and are hereby denied.

The Court also concludes that the defendants have failed to demonstrate that the deposition of Kent Marcus was necessarily obtained for use in this case, as opposed to non-reimbursable discovery depositions.  It is undisputed that neither this Court nor the

Eleventh Circuit Court of Appeals relied upon such deposition in making their respective judgments and it was clearly not needed to determine the appeal. Consequently, the $135.90 sought in this regard is hereby denied.

In contrast to the above, the Court overrules the plaintiffs' objection to the $924.00 sought for the reporter's transcript, such as it was, of the trial conducted in this case. Plaintiffs' cross-appeal relative to the Court's judgment on their fraud claim rendered the transcript relevant at the time it was procured. Consequently, defendant's motion to tax this $924.00 item is due to be granted.

The Court further concludes that the defendants are entitled to all premiums paid for its supersedeas bond, namely the sum of $37,342.00. Plaintiffs' efforts to execute on the judgment prior to resolution of the appeal necessitated the imposition of the supersedeas bond. The record is devoid of any evidence that the defendants caused any delay in the prosecution of the appeal in this case. In point of fact, the appeal was initially delayed after the issuance of a Certificate of Readiness on October 7, 2004 (Doc. 157) by virtue of the court reporter's inability to produce a complete transcript, through no fault of the defendants. This resulted in a remand (Doc. 158) by the Court of Appeals on December 30, 2004, which directed this Court to determine whether the record could be corrected. After reviewing the parties respective opinions on the matter, this Court responded to the issue on January 24, 2005 (Doc. 164). The Court of Appeals was then required to consider plaintiffs' motion to dismiss their cross-appeal, as apparently renewed. *See*, Court of Appeals Order dated March 11, 2005 (Doc. 165). The certified

record in this case was not transmitted to the Court of Appeals until May 27, 2005. The decision of the Court of Appeals was issued in lieu of a mandate on February 9, 2006 (Doc. 166), less than a year following its receipt of the certified record.

For the reasons stated above, it is **ORDERED** that defendants' motion to tax costs be and is hereby **GRANTED** to the extent that costs in the amount of $38,521.00 be and is hereby **TAXED** against the plaintiffs, but in all other respects is hereby **DENIED**.

**DONE** this 16th day of March, 2006.

s/ W. B. Hand<br>
SENIOR DISTRICT JUDGE